IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| COURTNEY EXCAVATING & | ) | Case No. 04-61485 |
| CONSTRUCTION, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FIRST HOME SAVINGS BANK, | ) | Adversary No.  05-6028 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COURTNEY EXCAVATING & | ) | |
| CONSTRUCTION, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ACSTAR INSURANCE COMPANY , | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Acstar Insurance Company (Acstar) filed a motion to dismiss this adversary or,

alternatively, a motion for summary judgment. The basis of Acstar's motion to dismiss is

jurisdictional. A bankruptcy court has an obligation to examine its subject matter

jurisdiction.[1] The following constitutes my Findings of Fact and Conclusions of Law in

accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this

proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set

forth below, I find I do not have subject matter jurisdiction over this matter, and I grant

---

[1]*Litzinger v. Estate of Litzinger*, 322 B.R. 108, 112 (B.A.P. 8th Cir. 2005).

Acstar's motion to dismiss.

## FACTUAL BACKGROUND

On February 27, 2002, at the request of debtor Courtney Excavating & Construction, Inc. (Courtney), First Home Savings Bank (First Home) issued an irrevocable letter of credit in the amount of $375,000 in favor of Acstar. The letter of credit was a condition precedent to the issuance and payment of performance bonds by Acstar, as surety, on behalf of Courtney, to secure Courtney's performance of bonded construction projects. On March 12, 2002, at the request of debtor Courtney, First Home issued an irrevocable letter of credit in the amount of $380,000 in favor of Acstar. The letter of credit was a condition precedent to the issuance and payment of performance bonds by Acstar, as surety, on behalf of Courtney, to secure Courtney's performance of bonded construction projects. On October 10, 2002, at the request of debtor Courtney, First Home issued an irrevocable letter of credit in the amount of $580,000 in favor of Acstar. The letter of credit was a condition precedent to the issuance and payment of performance bonds by Acstar, as surety, on behalf of Courtney, to secure Courtney's performance of bonded construction projects. On August 13, 2001, Courtney, Tony Courtney, Donna Courtney and Rock Quarries, L.L.C. executed a general indemnity agreement to indemnify and hold Acstar harmless from liability, loss, costs, damages, fees, or other expenses.

On June 9, 2004, Courtney filed for Chapter 11 bankruptcy relief. On March 1, 2005, Acstar presented sight drafts drawn on the first two letters of credit for the sums of $375,000 and $380,000 respectively. First Home refused to honor the sight drafts on the basis that

Acstar had not proved actual loss sustained. On March 14, 2005, Acstar presented a sight

draft on the third letter of credit in the amount of $580,000. Again, First Home refused to

honor the draft stating that it would honor Acstar's request for the actual loss sustained on

the bond.

On April 8, 2005, First home made payment in the amount of $439,706.72 on the third

letter of credit. It has refused payment on the first two letters of credit in the amounts of

$375,000 and $380,000 respectively, plus the balance due in the amount of $140,293.68 on

the third letter of credit.

On March 15, 2005, First Home filed this Complaint for a determination of the

validity and extent of the debt it owes to Acstar and for an injunction. Acstar filed a motion

to dismiss for lack of subject matter jurisdiction, or alternatively, a motion for summary

judgment. First Home filed a response asking this Court to deem the motion to dismiss a

motion for summary judgment. The Court denied First Home's motion finding that it must

first determine subject matter jurisdiction before proceeding on any other matters. First Home

then filed a response to the motion to dismiss. The issue is whether this Court has subject

matter jurisdiction over this dispute between two non-debtors.

DISCUSSION

Section 157(b)(1) of the Bankruptcy Code (the Code) authorizes bankruptcy judges

to hear all core proceedings arising under title 11.[2] Section 157(b)(1) also confers jurisdiction

_____

[2]*National Union Fire Ins. Co. of Pittsburgh v. Titan Energy, Inc. (In re Titan Energy, Inc.)*, 837 F.2d 325, 328 (8th Cir. 1988); 28 U.S.C. § 157(b)(1).

on a bankruptcy judge to hear a matter that is not a core proceeding if it is otherwise related to a case under title 11.[3] If the matter concerns property of the estate, no matter how attenuated, that matter is a core proceeding.[4] The parties do not claim that these letters of credit are property of the bankruptcy estate. In fact, Courtney has no claim against either First Home or Acstar. This dispute is between First Home and Acstar. A proceeding is related to a bankruptcy proceeding if the "outcome . . . could conceivably have any effect on the estate being administered in bankruptcy."[5] First Home contends that the amount it is forced to pay to Acstar will determine the amount of its unsecured claim, therefore, this matter could have a conceivable effect on the administration of the case. I disagree. The limited jurisdictional grant to this Court is not that broad. The issue between these two non-debtors is how the court will interpret the language contained in the letters of credit. This is purely a matter of state law. Either First Home or Acstar may have a claim in the bankruptcy case, based upon the court's determination. Whatever the debt, either creditor will file a proof of claim and Courtney will either object or the claim will be allowed.

As the Eighth Circuit explained in *Titan Energy*, if the matter in dispute between two non-debtor parties involves an asset of the bankruptcy estate, it is a core proceeding and the court has subject matter jurisdiction.[6] Nonetheless, the court should abstain if the action

---

[3]*Id.*

[4]*Id.* at 328-29.

[5]*Id.* at 330 (citing *In re Dogpatch, U.S.C., Inc.*, 810 F.2d 782 (8th Cir. 1987).

[6]*Id.* at 329.

could not have been brought in federal court absent the bankruptcy filing, and the issues can

be timely adjudicated in state court.[7] In this matter, I find it is not a core proceeding and the

resolution of this dispute will have no conceivable effect on the administration of the

bankruptcy estate. I, therefore, do not have subject matter jurisdiction, and I will grant

Acstar's motion to dismiss. The parties should proceed in state court.

An order in accordance with this Memorandum Opinion will be entered this date.


/s/ Arthur B. Federman
Bankruptcy Judge


Date: June 3, 2005

---

[7]*Id.* at 333; 28 U.S.C. § 1334(c)(1) and (2).